UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVIS R. IGNACIO AKA JOHN JACOB JINGLEHEIMER SCHMIDT,<br><br>    Plaintiffs,<br>    v.<br><br>INTERNAL REVENUE SERVICE, ET AL.,<br><br>    Defendants. | Case No.: C 10-03973 PVT<br><br>**ORDER TO REASSIGN CASE; REPORT AND RECOMMENDATION THAT CASE BE DISMISSED WITH LEAVE TO AMEND**<br><br>**[Docket No. 2]** |

On September 3, 2010, plaintiff Tevis R. Ignacio also known as John Jacob Jingleheimer Schmidt proceeding *pro se* filed a complaint and an Application to Proceed *In Forma Pauperis*. Based on the Application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Court Judge with the recommendation that the case be dismissed with leave to amend.[1]  A federal court must dismiss an *in forma pauperis* complaint if the complaint is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See,* 28 U.S.C. §1915(e)(2); *see also, Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

---

[1] This court is ordering reassignment to a District Court Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F. 2d 548 (9th Cir. 1988).

ORDER, *page 1*

In the present case, plaintiff Ignacio alleges that "the IRS has a long history of abuse of power by using this kind of action in which they claim to charge $5,000 as described as Penalty for filing a frivolous tax return and charging accrued interest of $77.30 in which this is the first notice of any problem." Aside from alleging that "this is wrong and an abuse of power by the IRS," plaintiff Ignacio has failed to state a claim on which relief may be granted.

Generally, a district court must give *pro se* litigants an opportunity to amend their complaint. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Additionally, a federal court may liberally construe the "inartful pleading" of parties appearing *pro se. Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980). Accordingly, this court recommends that the district court dismiss the complaint with leave to amend.

IT IS SO ORDERED.

Dated:   September 8, 2010

*[signature: Patricia V. Trumbull]*

PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 3*